**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| The Graphic Builders LLC,            ) | |
|                                     ) | |
|           Plaintiff,                ) | |
|                                     ) | |
|           v.                        ) | Civil Action No. |
|                                     ) | 19-12495-NMG |
| RCM Modular, Inc.,                  ) | |
|                                     ) | |
|           Defendant.                ) | |
|                                     ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a commercial construction dispute between a general contractor and its subcontractor. Pending before the Court are two motions: 1) a motion for summary judgment submitted by the subcontractor, RCM Modular, Inc. ("RCM" or "defendant"), in July, 2022 (Docket No. 31) and 2) a motion for leave to file an amended complaint filed by the general contractor, The Graphic Builders LLC ("TGB" or "plaintiff"), in August, 2022 (Docket No. 34). For the reasons that follow, the Court will allow RCM's motion for summary judgment and deny TGB's motion for leave to file an amended complaint.

I.   **Background**

    A.  **Factual Background**

       The underlying facts are familiar to the parties and have been discussed by this Court previously. See Arch Ins. Co. v. Graphic Builders LLC, 519 F. Supp. 3d 54 (D. Mass. 2021), aff'd, 36 F.4th 12 (1st Cir. 2022); Docket No. 23.  In brief, the parties' dispute emerges out of the construction of a four-story apartment building in Charlestown, Massachusetts begun in May, 2017 ("the Project").  TGB contracted with the property owner, 32 Cambridge Street LLC ("the Property Owner"), to construct the new building using a modular method and then subcontracted with RCM to fabricate and assemble certain modular components for the Project ("the Subcontract").

       The Subcontract required, inter alia, that RCM procure a manufacturer's warranty for the windows that it installed.  In May, 2018, TGB alerted RCM that windows in the modular units were leaking and modular exteriors were misaligned.  TGB arranged for a third-party contractor to remediate the issues.  Meanwhile, RCM was unable to produce a warranty to TGB from the window manufacturer, InLine FiberGlass Doors and Windows ("InLine").  TGB and RCM communicated as to the ongoing issues and continued to attempt to produce a manufacturer's warranty for the defective windows.  Those efforts ultimately were

unsuccessful and arbitration and litigation proceedings commenced in the fall of 2019.

Before reviewing the procedural history of this matter, the Court notes the existence of an additional warranty about which the parties dispute relevance.  In April, 2020, a company related to TGB, Tocci Building Corp. ("Tocci"), provided the Property Owner with a $2,000,000 limited warranty as to the Project which covered certain aspects of RCM's performance under the Subcontract ("the Tocci Limited Warranty").  Neither TGB nor RCM was a party to the Tocci Limited Warranty.

### B.  Procedural Background

TGB brought suit against RCM in Suffolk Superior Court in September, 2019, and amended its complaint shortly thereafter to add a defendant surety, Arch Insurance Company ("Arch").  Arch removed the lawsuit to federal court in December, 2019.  It had already brought its own suit against TCG and RCM in the District of Massachusetts earlier that month.  After the state court action was removed, this Court consolidated the two actions and, in March, 2020, entered a stay of the proceedings between TGB and RCM pending the resolution of their ongoing arbitration.

A panel of arbitrators from the American Arbitration Association ("the AAA") issued an Award of Arbitration ("the Arbitral Award") to TGB on May 7, 2021.  RCM remitted the full amount due to TGB later that month.  Following the issuance of

the Arbitral Award, RCM moved to dismiss this action and lift the stay of proceedings (Docket No. 14).  In January, 2022, this Court denied RCM's motion to dismiss, as well as a motion to dismiss filed prior to the entry of the stay, but lifted the stay of proceedings (Docket No. 23).

RCM answered TGB's complaint in April, 2022, and filed the pending motion for summary judgment in July, 2022 (Docket No. 31).  TGB filed the pending motion for leave to file an amended complaint and add a new defendant in August, 2022 (Docket No. 34).  Both motions are ripe for consideration by this Court. The proposed claims in TGB's amended complaint are dependent upon resolution of issues raised by the motion for summary judgment of RCM.  Thus, the Court will first resolve the motion for summary judgment before turning to the motion to amend the complaint.

## II.  Defendant's Motion for Summary Judgment

### A.  Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**B.  Application**

RCM seeks summary judgment on grounds that TGB opted to arbitrate the claims raised in this litigation and accepted an Arbitral Award deciding those claims.  TGB responds that the

doctrine of res judicata does not preclude it from maintaining
its suit in this Court.

### 1.  Res Judicata Effect of Arbitral Awards

The doctrine of res judicata precludes a plaintiff from
pursuing claims that were litigated to a valid and final
judgment in an earlier action, as well as those claims that were
not previously litigated but could have been. See, e.g.,
Blanchette v. Sch. Comm., 427 Mass. 176, 179 n.3, 692 N.E.2d 21,
24 n.3 (Mass. 1998) (describing the form of res judicata known
as claim preclusion).  In the context of claim preclusion
resulting from prior arbitration proceedings, an arbitral award
has a preclusive res judicata effect "as to all claims heard by
the arbitrators."  FleetBoston Fin. Corp. v. Alt, 638 F.3d 70,
79 (1st Cir. 2011) (quoting Apparel Art Int'l, Inc. v. Amertex
Enters. Ltd., 48 F.3d 576, 585 (1st Cir. 1995)).

An earlier judgment, or arbitral award, is entitled to such
a preclusive effect if 1) the prior action resulted in a final
judgment on the merits, 2) the causes of action alleged in the
subject actions are sufficiently identical and 3) the parties
are likewise sufficiently identical or closely related. Id.
(citation omitted); see also DaLuz v. Dep't Of Corr., 434 Mass.
40, 45, 746 N.E.2d 501, 505 (Mass. 2001).  Res judicata does not
apply to claims which were submitted to arbitration but then
found to be outside the remit of the arbitrator or otherwise

"not properly arbitrable." Acciavatti v. Pro. Servs. Grp., Inc.,
982 F. Supp. 69, 80 (D. Mass. 1997).

### 2.  The Arbitration Proceedings

Although arbitration proceedings and arbitral awards may be
difficult to assess for res judicata purposes if the arbitrator
fails to provide a full explanation for its decision, see, e.g.,
FleetBoston, 638 F.3d at 80, the underlying proceedings and the
reasoning of the Arbitral Award are set out with sufficient
detail here.  The proceedings concerned "TGB and RCM" and
resolved disputes arising "solely from the Subcontract".  With
respect to the performance of RCM under the Subcontract, the AAA
panel found that RCM breached several of its obligations to TGB

> by fabricating modular units which were defective and
> not code compliant in many respects, including, but
> not limited to, electrical, plumbing, finishing and
> window defects.

The AAA panel focused on the improper installation of
InLine windows by RCM and concluded that issues with the windows
were

> caused by both manufacturing and installation defects
> all of which were the contractual responsibility of
> RCM.

As a result of those and other breaches, the AAA panel
ultimately awarded TGB about $1,800,000 in damages for RCM's
failure to perform its obligations under the Subcontract.  The
Arbitral Award was described as a "full and final resolution of

all claims and counterclaims" submitted in the arbitration proceedings.  TGB accepted the award and RCM remitted the full amount of damages due to TGB.

In another section of the Arbitral Award, the AAA panel addressed claims brought with respect to the Tocci Limited Warranty (referred to as the "TBC Warranty" in the Arbitral Award).  The panel denied TGB's claim because it found that any obligation owed to the Property Owner under the Tocci Limited Warranty was "borne solely by [Tocci] not TGB."  It noted that it would have denied the claim on the merits in any event because TGB failed to produce sufficient evidence of the costs it purportedly incurred under the Tocci Limited Warranty.

Among other findings in the section pertaining to window warranties, the AAA panel recognized that "TGB was entitled to a manufacturer's warranty from Inline [by way of RCM]" under the Subcontract.  The panel found that RCM failed to provide such a window warranty and that neither RCM nor InLine ever produced a manufacturer's warranty to TGB.

Thus, there were two window warranties discussed in the Arbitral Award.  The AAA panel denied claims with respect to the Tocci Limited Warranty, including any window warranty claims thereunder, because that agreement was between Tocci and the Property Owner rather than the parties to the arbitration.  On the other hand, the AAA panel fully addressed claims with

respect to the Subcontract between TGB and RCM.  The panel found, <u>inter alia</u>, that RCM failed to secure a manufacturer's warranty from InLine and owed TGB about $1,800,000 for multiple breaches of the Subcontract.

### 3.  Analysis

#### a.  The Tocci Limited Warranty

The parties dispute whether TGB's claims with respect to the Tocci Limited Warranty were decided on the merits and/or within the scope of the Arbitral Award.  The answer to that question is largely irrelevant to the pending motions because claims arising under the Tocci Limited Warranty have not been asserted in this case.  Indeed, TGB avers that its claims in this litigation are

> based upon RCM's failure to produce a window warranty (and not the [Tocci Limited] Warranty).

Moreover, the operative amended complaint refers to the Subcontract and TGB bases its claims against RCM solely upon that agreement.  The Tocci Limited Warranty is not mentioned and did not even exist at the time the amended complaint was filed. As a result, any claims with respect to the Tocci Limited Warranty are not in dispute in this action regardless of whether they were within the scope of the Arbitral Award.

In view of that fact, the AAA panel's lack of authority to adjudicate claims with respect to the Tocci Limited Warranty

does not mean that TGB's claim under the Subcontract at issue in this litigation was also beyond the authority of the AAA panel.

### b.  The Subcontract

The remaining claim in the case at bar is, according to TGB, "solely based upon [RCM's] failure to supply a window warranty."  Such claim is an effort "to recover damages under [TGB's] subcontract with RCM."  Thus, the <u>res judicata</u> question that this Court must analyze is whether RCM's failure to supply a window warranty to TGB pursuant to the terms of the Subcontract was within the scope of the arbitration proceedings and the resulting Arbitral Award.  The Court concludes that it was.

TGB initiated the arbitration proceedings based upon Section 12.3 of the Subcontract, which provided that

> at the sole option of [TGB], to be exercised in writing, the parties agree to arbitrate any claim, dispute or controversy arising out of or relating to [the Subcontract] or the breach thereof . . . .

The Subcontract required RCM to provide "applicable manufacturer's [sic] warranties" of at least one year for all parts and materials used.  TGB also avers by sworn affidavit that the Subcontract incorporated a specification requiring that "any window installed by RCM be protected by a twenty year, broad based manufacturer's warranty".

Any claim with respect to RCM's obligation to produce
a manufacturer's warranty for windows was therefore
squarely within the range of claims that TGB could have
brought in arbitration.  And TGB did precisely that,
submitting a demand for arbitration to the AAA which sought
a warranty bond from RCM on the grounds that

> RCM's defectively rendered work has resulted in the
> voiding of the manufacturer's warranty on all of the
> windows that RCM incorporated into its modules.

The AAA panel heard twelve days of testimony from the
parties spread out over the course of several weeks in
early 2021.  The panel issued the Arbitral Award in May,
2021.  In its findings, the AAA panel

> recognize[d] that TGB was entitled to a manufacturer's
> warranty from Inline, which RCM was unable to secure
> because Inline refused to warrant its windows. Inline
> had concluded that the windows had been improperly
> installed by RCM and, therefore, declined to provide a
> manufacturer's warranty.

The panel held that "RCM's responsibilities are both
comprehensive and clear".  It found that "RCM and its window
supplier, Inline, for which RCM is responsible" breached those
comprehensive and clear obligations.  RCM was therefore found
liable for its breaches and for "related damages as determined
below."

In the damages section of the Arbitral Award, the AAA panel
awarded TGB about $1,800,000 "in full and final resolution of

all claims and counterclaims submitted" in the proceedings.  It
is undisputed that RCM paid this amount and that TGB accepted
the payment without appeal or dispute.  TGB nevertheless denies
that the AAA panel "decided all claims and counterclaims raised
by and between the parties".

According to TGB, the AAA panel refused to arbitrate claims
related to the Tocci Limited Warranty because it was "a contract
outside of that controlling this arbitration."  Likewise, TGB
cites various authorities in support of the proposition that an
arbitrator's denial of a claim for lack of authority to
adjudicate it does not preclude such claim from being litigated
later in a proper venue.  As previously discussed, however, the
AAA panel's decision with respect to the Tocci Limited Warranty
is entirely distinct from TGB's remaining claim in this action.

All of the prerequisites of res judicata are satisfied in
the circumstances at hand.  The AAA panel heard TGB's claims
against RCM arising out of the Subcontract and rendered a final
judgment on all such claims. See, e.g., FleetBoston, 638 F.3d at
79 (requiring a final judgment on the merits and sufficient
identify of the parties and claims); DaLuz, 746 N.E.2d at 505
(same).  Furthermore, the very facts and contract disputes
raised in this litigation were addressed during that arbitration
and in the panel's Arbitral Award. See FleetBoston, 638 F.3d at
76 ("The same underlying conduct was the basis for [TGB's]

- 12 -

claims in arbitration as its claims in court, and the matter was fully resolved."). TGB is therefore precluded from relitigating RCM's failure to meet its obligations under the Subcontract. <u>Id.</u> at 81 ("Not only did [TGB] have a full opportunity to litigate these claims before the arbitrators, but [it] fully took advantage of that opportunity.").

**V.  <u>Plaintiff's Motion for Leave to File an Amended Complaint</u>**

TGB seeks leave to file a second amended complaint that would add InLine as a defendant and expand upon its allegations that RCM failed to produce a window warranty as obligated by the Subcontract. In light of this Court's holding with respect to defendant's motion for summary judgment, there is neither good cause to allow such an amendment nor merit to the claims contemplated by plaintiff.

**ORDER**

For the foregoing reasons, defendant's motion for summary judgment (Docket No. 31) is **ALLOWED** and plaintiff's motion for leave to file an amended complaint (Docket No. 34) is **DENIED**. **So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated:  December 20, 2022

- 14 -